## GENERAL ACCIDENT FIRE & LIFE ASSUR. CORP. Ltd. v. VIKING AUTOMATIC SPRINKLER CO.

### No. 12889.

United States Court of Appeals
Ninth Circuit.

Dec. 24, 1951.

·Healy & Walcom, San Francisco, Cal., for appellant.

Boyd, Taylor & Reynolds, San Francisco, Cal., for appellee.

Before DENMAN, Chief Judge, ORR, Circuit Judge, and DRIVER, District Judge.

DENMAN, Chief Judge.

This is an appeal from an order of the district court dismissing the complaint of the appellant, Assurance Co., suing to recover on an alleged contract of the appellee, Viking Co., to indemnify the Austin Co. against the latter's sole negligence. The court held the Viking Co. had made no such contract.

The Assurance Co. had issued a comprehensive liability policy to the Austin Co., inter alia, insuring it against its own negligence. The Austin Co. was a prime contractor on the construction of buildings at Mills Field Airport and employed as subcontractor the appellee, the Viking Co., for installation of a sprinkler system in these buildings.

Two employees of the Viking Co. were injured through the sole negligence of the Austin Co. The Assurance Co. eventually paid the Austin Co. $19,458.24 under its policy in satisfaction of the claims of these workmen against Austin Co. and sues as its subrogee.

The relevant clause of the contract of Austin Co. with the Viking Co. provides:

"7. Insurance.—It is understood and agreed that vendor [Viking Co.] is fully covered with Public Liability, Workmen's Compensation and Property Damage Insurance and agrees to protect and indemnify the Buyer [Austin Co.] against *all claims* for damages, lawsuits, etc., which may arise due to difficulties encountered while vendor is servicing this operation." (Emphasis and bracketed matter supplied.)

The construction of the contract is controlled by the California law. The district court held that under that law the words "all claims" presented an ambiguity as to its coverage of Austin's sole negligence, which may be resolved by evidence of the actual intent of the parties. We agree with the district court's holding. Southern Pacific Co. v. Fellows, 22 Cal. App.2d 87, 71 P.2d 75; Pacific Indemnity Co. v. California Electric Works, 29 Cal. App.2d 260, 84 P.2d 313.

At the trial below, the Assurance Co. offered to prove that after the contract was made Viking Co. had bought an insurance policy which had a contract rider covering Austin's sole negligence, arguing that this indicated Viking's intent that this was included in the words "all claims."

Upon objection, the trial judge excluded this evidence as "immaterial," because, he stated, persons frequently insure a wider area of coverage without reference to any contract liability. He further stated that this evidence of intent is offset by Austin's coverage of such liability, by its own insurance against it.

The burden of proof is on the Assurance Co. and the court held that it had not been sustained. The Assurance Co. contends that the district court erred in excluding the evidence of Viking's insurance on the ground of its immateriality. However, assuming that the Viking Co.'s insurance of itself against claims from Austin's sole negligence were before the court, it is equally offset by Austin's insurance against the same liability and the finding of failure to sustain the burden of proof is justified.

The finding is further supported by the evidence of the nature of the contract between the Austin Co. and Viking Co. This was on a cost plus basis, 10% being added for overhead and 8% profit. With Austin Co. having such insurance it would be most unlikely to intend to contract with the Viking Co. that the latter should pay for the same insurance and charge it back to Austin plus the 10% and 8% fees of the contract.

The judgment is affirmed.