[Civ. No. 16748.   First Dist., Div. One.   May 23, 1956.]

CITY OF OAKLAND, Respondent, v. OAKLAND UNIFIED
SCHOOL DISTRICT OF ALAMEDA COUNTY et al.,
Appellants.

Woodrow W. Kitchell and Herbert Chamberlin for Appellants.

Appelbaum, Mitchell & Bennett for Respondent.

BRAY, J.—Defendants leased from plaintiff the arena of its municipal auditorium building in which to hold the "Annual Spring Music Festival." One Mrs. Genevieve Herd sued plaintiff for damages for injuries which she claimed to have sustained while attending said festival. She alleged that her injuries were due to a fall caused by a defect in the walkway providing access to the easterly entrance of said municipal auditorium. Claiming that under the lease above mentioned defendants had agreed to indemnify plaintiff against all loss, expense or claim for damages arising out of the use of the property described in the lease, plaintiff demanded that defendants defend plaintiff in the Herd action. Defendants refused so to do. Plaintiff brought this action to declare its rights under said lease and particularly to have it declared that defendants hold plaintiff harmless from any claims of said Genevieve Herd in said action brought by her against plaintiff. Defendants appeal from a judgment in favor of plaintiff.

The trial court found that the place where Mrs. Herd claimed to have been injured was a "path . . . providing access" to the easterly entrance of said municipal auditorium owned by plaintiff,[1] and that the place where the injury occurred was a part of the premises leased to defendants in the said lease, and that the accident sustained by Mrs. Herd arose "out of the use and occupation of the premises leased . . ."

### QUESTION PRESENTED

Does the indemnity clause of the lease apply to the place of injury?

### PREMISES INDEMNIFIED

What were "the premises" as to which the indemnity applies? The lease, prepared by plaintiff, provides: "1. That the lessor hereby leases to the lessee, and the lessee hereby hires from the lessor, the Arena of the Oakland Municipal Auditorium Building, *hereinafter referred to as the 'prem-*

---

[1]The court also referred to it as a "walkway providing access . . ."

*ises'* (and no other space or accommodation except as may be hereinafter expressly provided for) for the sole purpose of holding the Annual Spring Music Festival in said building . . .'' (Emphasis added.) (No other space or accommodation is referred to.) The balance of said paragraph 1 and the other 12 paragraphs, excepting only paragraph 12, have no bearing on the problem here involved. Paragraph 12 provides: ''That the lessee will hold the lessor free from any liability or claim for damages or suit for or by reason of any injuries to any person or property, of any kind whatsoever, from any cause whatsoever arising out of the use and occupation of *the premises* by the lessee; and the lessee hereby covenants and agrees to indemnify and save harmless the lessor from all liability or damage on account of or by reason of any such injuries or damages.'' (Emphasis added.)

At the trial Mrs. Herd testified that as she left the Music Festival, she walked out of the auditorium, descended steps to a walkway in front of and adjoining the building. After walking 22 to 25 feet on the walkway she stepped into a hole, whereby she was injured. This hole was in the center of the pathway. It customarily held a post, but the post had been removed. There is no evidence to show who had removed it. A photograph of the pathway was introduced in evidence. It shows a cement walk running parallel to the easterly end of the auditorium building. At the near end of the picture the walk inclines upward and then levels off. The steps to the doorways of the building lead off this walk at right angles. On the outer side of the walk is an iron railing. There was no evidence that the walk was used for purposes other than ingress and egress to or from the building.

Forrest Mitchell, who executed the lease on behalf of defendants, testified that at the time of executing it he understood that people attending the festival would be entitled to use the walkway and exits of the auditorium to get in and out.

The question here is not alone what could be used by defendants as appurtenant to the leased portion of the building but particularly as to what places the indemnity provision would apply. ■ In determining this question and in interpreting the lease, it must be borne in mind that the terms of the lease must be construed strictly against plaintiff, first because the lease was prepared by plaintiff (see *Basin Oil Co.* v. *Baash-Ross Tool Co.,* 125 Cal.App.2d 578 [271 P.2d 112] *Pacific Lbr. Co.* v. *Industrial Acc. Com.,* 22 Cal.2d 410,

422 [139 P.2d 892]; *E. A. Strout Western Realty Agency* v. *Gregoire*, 101 Cal.App.2d 512, 517 [225 P.2d 585]); and secondly, because the indemnity provision purports to indemnify plaintiff against the results of its own negligence.[2] ██ ". . . the law does not look with favor upon attempts to avoid liability or secure exemption for one's own negligence, and such provisions are strictly construed against the person relying upon them. . . . ██ [W]here the language of an instrument purporting to exculpate one of the parties for its future negligence was prepared entirely by the party relying on its terms, words clearly and explicitly expressing that this was the intent of the parties are required [citations]." (*Basin Oil Co.* v. *Baash-Ross Tool Co., supra*, 125 Cal.App.2d at pp. 594, 595.)

In *Hollander* v. *Wilson Estate Co.*, 214 Cal. 582 [7 P.2d 177], the tenant leased the fourth floor of a seven-story building. The lease contained a provision indemnifying the landlord against all claims for damages to persons or property "in or about or connected with this tenancy or the occupancy of said demised premises." (P. 584.) The court held that while no mention was made in the lease of the tenant's right to use the elevator, such right was an appurtenance of the lease. However, as to the indemnity clause, although the elevator was in a sense "connected with" the tenancy, "It is contrary to sound construction to say that said instrument had in contemplation the release from liability for damages for personal injuries arising from the negligent operation or maintenance of this public elevator." (P. 585.)

In *Pacific Indem. Co.* v. *California Elec. Works, Ltd.*, 29 Cal.App.2d 260 [84 P.2d 313], the court was construing the indemnity provision of a building contract. It held that to construe the provision as applying to the indemnity of one of the parties against its own wrong, ". . . the language of the contract must be of such a nature as to compel that interpretation, and to accomplish such a result the language used must be clear and explicit." (P. 274.) It then quoted from *Murray* v. *Texas Co.*, 172 S.C. 399 [174 S.E. 231], to the effect that "broad and comprehensive" language alone is not enough. The language indemnifying against the parties' own wrong must nevertheless be clear and explicit and

---

[2]While there was no evidence of who removed the post, leaving the hole into which Mrs. Herd fell, her complaint against plaintiff alleged that the "dangerous, hazardous, and defective condition" was due to a "hole . . . which . . . had been duly created" by plaintiff.

as the defendant there wrote the indemnity provision into the contract for its own benefit, it should have "plainly stated, if such was the understanding of the parties, that the plaintiff agreed to relieve it in the matter from all liability for its own negligence." (P. 274.)

Applying such rules to the lease here, it would appear that while as appurtenant to the portion of the building leased there necessarily followed the right to use all portions of the building and even the walkway necessary for ingress to and egress from the arena,[3] the indemnity provision only applied to the "premises" as strictly defined in the lease. Paragraph 12 limits the indemnity to claims resulting from "the use and occupation of the premises . . ." The parties have specifically defined "the premises" as "the Arena . . . (and no other space or accommodation except as may be hereinafter expressly provided for) . . ." While, of course, people going to the arena would be entitled to use the walkways and driveways around the building and parking areas, if any, it would be unreasonable, in view of the very restrictive language of the lease, to hold that the indemnity applied to injuries incurred by conditions in those areas, particularly conditions over which defendants would have no control but plaintiff would. The mere fact that plaintiff made no charge to defendants for the use of the arena would not broaden the terms of the indemnity. While the trial court did not characterize the walkway other than to say that it provides ingress to and egress from the building, the Herd complaint charged that the walkway "was, and now is, dedicated to and set apart for the use of the general public and of individual persons in general, while in, upon and about said 'Municipal Auditorium.' " Under the lease defendants had the exclusive use of the arena for the specified evening. Its use, however, of means of ingress and egress was not exclusive. Those means would have to be shared with the general public. That fact is another reason for construing strictly the indemnity provision and not applying it to all areas owned by plaintiff which the patrons of the Music Festival would use in coming to the affair. If it was to be the understanding of the parties that the pathway outside the building was to be included in the indemnity clause, it would

---

[3]See *Owsley* v. *Whelan Drug Co.*, 83 Cal.App.2d 454, 457 [189 P.2d 50]; *Mayer* v. *Hazzard*, 10 Cal.App.2d 1, 3 [51 P.2d 189].

have been a very simple matter for plaintiff in drawing the lease to so provide.

Plaintiff has cited cases like *Werner* v. *Knoll*, 89 Cal.App. 2d 474 [201 P.2d 45], and *Barkett* v. *Brucato*, 122 Cal.App.2d 264 [264 P.2d 978], as upholding clauses similar to paragraph 12. There is no question but that the indemnity provision is a valid one. The only question is as to what part of plaintiff's property it applied to. This question was not involved in the cited cases. The language of the lease is clear and unambiguous. It defines "premises" and limits the indemnity to the premises defined. The fact that the parties "understood," if they did so, that defendants were to use more than the defined premises, did not extend the indemnity to more than the expressly defined limits.

The judgment is reversed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied June 22, 1956, and respondent's petition for a hearing by the Supreme Court was denied July 18, 1956.