[L. A. No. 25377. In Bank. June 26, 1959.]

VINNELL COMPANY, INC. (a Corporation), Respondent, v. PACIFIC ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

E. D. Yeomans, Edward A. Hume and James W. O'Brien for Appellant.

Thielen, Marrin, Johnson & Bridges, James W. Baldwin, Ernest R. Baldwin, Callaway, Kirtland & Packard and Wallace C. Reed for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff Vinnell Company, Inc., in an action for damages caused when the defendant Pacific Electric Railway Company's locomotive and freight cars were switched into an open excavation maintained by the plaintiff while constructing a storm drain, the terminal end of which was in or under the defendant's Fairbanks service yard. By a cross-complaint the defendant seeks to recover damages caused to its equipment.

It appears from an agreed statement of fact that the Los Angeles Flood Control District undertook to construct a storm drain, a portion of which was to lie beneath the surface of the defendant's Fairbanks yard. The plaintiff, on or about October 21, 1954, entered into a contract with the flood control district for the construction of that portion of the drain. Thereafter, and pursuant to agreement as hereinafter appears, the plaintiff entered the defendant's yard and commenced construction. This required that the defendant take up portions of its tracks while the plaintiff excavated the ditch and laid the storm drain conduits. The defendant arranged for temporary tracks and switching so that it could carry on its work in the yard. While the construction was in progress the defendant's employees engaged in operating freight trains through the yard. During the operation they mistakenly aligned a switch in such a way as to direct a locomotive and a train of cars along a track which had been terminated at an excavation, rather than along the track intended as a detour. As a result the locomotive and cars ran off the track and into the excavation, damaging the plaintiff's work in progress and the defendant's property in agreed sums. An employee of the defendant was injured and has made claim for damages against both the plaintiff and defendant.

It is admitted by the defendant railroad that such action

on the part of its employees amounted to negligence, and that neither the plaintiff nor its employees were contributorily negligent.

Prior to the plaintiff's entry into the defendant's yard to commence construction, the defendant granted to both the flood control district and the plaintiff a right of entry and an easement to use the defendant's lands for the drainage project. These grants to the plaintiff were contained in a contract which, after reciting the relationships of the parties, provides among other things that the plaintiff would procure, in advance of doing any work, public liability insurance for damages arising out of bodily injuries or death, property damage insurance for damages arising out of injury to or destruction of property, and also public liability and property damage insurance ''insuring the contractual liability of Contractor [plaintiff] under the provisions of Section 8 hereof.'' Section 8 provides as follows: ''8. Contractor hereby releases and agrees to indemnify and save Railroad harmless from and against any and all injuries to and deaths of persons, claims, demands, cost, loss, damage and liability, howsoever same may be caused, resulting directly or indirectly from the performance of any or all work to be done upon the property and beneath the tracks of Railroad and upon the premises adjacent thereto under said agreement between District and Contractor, also from all injuries to and deaths of persons, claims, demands, cost, loss, damage and liability, howsoever same may be caused either directly or indirectly, made or suffered by said Contractor, Contractor's agents, employes and subcontractors, and the agents and employees of such subcontractors, while engaged in the performance of said work.''

The agreement was prepared by the defendant railroad and executed by the plaintiff with no modifications. Thereafter the plaintiff entered the yard and commenced construction.

The question is whether such an indemnity clause operates to exculpate the defendant from the consequences of its own negligence where the clause does not expressly state that damage caused by the defendant's negligence is intended to be included in the coverage of the clause. The trial court held that the parties did not intend that the plaintiff should indemnify the defendant against liability caused by its own negligence, or that the defendant should be released from liability to the plaintiff for damages sustained by the plaintiff as a result of the defendant's negligence.

It would appear that ''to be sufficient as an exculpa-

tory provision against one's own negligence, the party seeking to rely thereon must select words or terms clearly and explicitly expressing that this was the intent of the parties." (*Sproul* v. *Cuddy,* 131 Cal.App.2d 85, 95 [280 P.2d 158].)

The language of the present clause, prepared on behalf of the defendant railroad, falls short of so expressing the defendant's intention to exculpate itself. As stated in *Basin Oil Co.* v. *Baash-Ross Tool Co.,* 125 Cal.App.2d 578, 595 [271 P.2d 122], quoting from *Pacific Indemnity Co.* v. *California Elec. Works, Ltd.,* 29 Cal.App.2d 260, 274 [84 P.2d 313], "The defendant itself wrote the provision into the contract for its own benefit. It could have plainly stated, if such was the understanding of the parties, that the plaintiff agreed to relieve it in the matter from all liability for its own negligence. As it did not do so, we resolve all doubt, as we should, in favor of the plaintiff, and hold that it was not the intent of the parties to give to the contract as written the effect claimed by the company." (See also *City of Oakland* v. *Oakland Unified Sch. Dist.,* 141 Cal.App.2d 733, 736-738 [297 P.2d 752]; *Barkett* v. *Brucato,* 122 Cal.App.2d 264 [264 P.2d 978]; *Butt* v. *Bertola,* 110 Cal.App.2d 128, 140 [242 P.2d 32]; *Guy F. Atkinson Co.* v. *Merritt, Chapman, & Scott Corp.,* 126 F. Supp. 406, 407.)

The rule in this state, as expressed in the cases referred to, is in accord with the weight of authority. "In the overwhelming majority of the cases the result reached by their interpretational efforts can be condensed into the simple rule that where the parties fail to refer expressly to negligence in their contract such failure evidences the parties' intention not to provide for indemnity for the indemnitee's negligent acts." (Anno., 175 A.L.R. 8.)

The only dissenting voice of which we need take note in the numerous expressions of the rule is heard in *Southern Pac. Co.* v. *Fellows,* 22 Cal.App.2d 87 [71 P.2d 75]. But that case has not been followed for the proposition here referred to in subsequent decisions in this state, although on numerous occasions the courts have reconsidered the issues there involved. The courts have consistently adopted the position that indemnification clauses are to be strictly construed against the indemnitee in cases involving affirmative acts of negligence on his part. (*Cf. Barkett* v. *Brucato, supra,* 122 Cal.App.2d 264, 276, 278; Anno., 175 A.L.R. 8, 89-92, *supra*; 26 A.L.R.2d 1044, 1055-1056.) Insofar as the Fellows case is inconsistent with anything said herein it is disapproved.

It is also contended that in circumstances wherein the indemnitee derives no particular benefit from the transaction involved, the indemnification clause should not be strictly construed against it. Thus, it is claimed, the defendant derived no particular benefit in granting the plaintiff the right to enter the yard to construct the drain, and it should not be caused to suffer any loss thereby. It is not disputed that had the parties agreed that due to the circumstances under which the plaintiff was to enter the defendant's yard the defendant should not be caused to suffer any loss relating to the construction, including that caused by the defendant's own negligence, such an agreement would effectively protect the defendant. ■ But the question is not whether the defendant should have been so protected, but whether by their agreement the parties intended to afford that protection. It is clear by the applicable rules of construction that they did not. The fact that the defendant derived no benefit from the transaction would not broaden the indemnity clause beyond the intent of the parties. (See *City of Oakland* v. *Oakland Unified Sch. Dist., supra,* 141 Cal.App.2d 733, 737.)

■ It is also contended that unless the clause is construed to protect the defendant from claims of damage caused by its own negligence, such clause has no practical meaning of benefit to the defendant. But such is not the case. One of the primary purposes of the clause was obviously to protect defendant against ''liability'' to third parties, as well as the ''cost'' of litigation, resulting from plaintiff's negligent acts or the negligent acts of plaintiff's subcontractors in the performance of the construction work, regardless of whether such third parties might further claim, successfully or unsuccessfully, that defendant had also been negligent. Thus the clause has a definite practical meaning of benefit to the defendant, and we find no justification for reading into it any agreement by the parties to indemnify the defendant against damage to its own property or the property of others caused solely by its own negligence.

■ Both by precedent and good reason, if an indemnitor such as the plaintiff is to be made responsible for the negligent acts of an indemnitee over whose conduct it has no control, the language imposing such liability should do so expressly and unequivocally so that the contracting party is advised in definite terms of the liability to which it is exposed. ■ The indemnification clause in the present case, by not

expressly stating that the defendant was protected against acts of its own negligence, failed to meet this requirement.

The judgment is affirmed.

Gibson, C. J., Spence, J., and Peters, J., concurred.

McCOMB, J.—I dissent. I would reverse the judgment, for the reasons expressed by Mr. Justice Patrosso in the opinion prepared by him for the District Court of Appeal in *Vinnell Co.* v. *Pacific Elec. Ry. Co.*, (Cal.App.), 334 P.2d 139.

Schauer, J., concurred.

Appellant's petition for a rehearing was denied July 22, 1959. Schauer, J., and McComb, J., were of the opinion that the petition should be granted.