[Civ. No. 25173. Second Dist., Div. Two. Oct. 2, 1961.]

COUNTY OF LOS ANGELES, Respondent, v. COX BROTHERS CONSTRUCTION COMPANY (a Copartnership) et al., Appellants.

James V. Brewer and Marvin P. Carlock for Appellants.

Bledsoe, Smith, Cathcart, Johnson & Phelps and Robert A. Seligson as Amici Curiae on behalf of Appellants.

Harold W. Kennedy, County Counsel, and Lloyd S. Davis, Deputy County Counsel, for Respondent.

McMURRAY, J. pro tem.*—This is an appeal from a judgment in declaratory relief wherein plaintiff county was awarded the sum of $15,900.30 as indemnity for a judgment rendered against the county and paid by it to Mrs. Marjory Lee White for personal injuries sustained by her in an automobile accident occasioned while traversing an area of county highway then under construction by Cox Brothers Construction Company.

In Mrs. White's action, appellants had refused to comply with county's request to hold the county harmless from that action in accordance with an indemnity agreement contained in its contract with the county which provided: "Any loss or damage occurring to the work or any part thereof prior to its acceptance, arising from any cause whatsoever including any unforeseen obstruction or difficulty that may be encountered, shall be sustained by the Contractor; and he shall save, keep, and bear harmless the County, and all officers and agents thereof, from all suits, actions, or claims of any character brought on account of any injury or damage to persons or property as a consequence of neglect in safeguarding the work,

---

*Assigned by Chairman of Judicial Council.

or through the use of unacceptable materials, or on account of any act or omission, on his part or on that of any of his employees or agents.''

Shortly before the trial of Mrs. White's action, appellants paid her $3,500 in return for her covenant not to sue. An appeal was taken by the county from the judgment in that case which is reported in *White* v. *Cox Bros. Construction Co.,* 162 Cal.App.2d 491 [329 P.2d 14]. On this appeal appellants contend that they are not chargeable under the above-quoted language for the negligence and breach of duty by respondent which was the proximate cause of Mrs. White's injuries, contending that a hazardous condition of which respondent had notice, actual and constructive, existed before appellants commenced the road work at the place where the accident took place, and that respondent breached its duty owed to the public in failing to safeguard the public way by warning signs which were inadequate, negligently placed, and were the proximate cause of the accident and injuries to Mrs. White.

▉ Appellants further urge that the jury in *White* v. *Cox Bros. Construction Co., supra,* found county of Los Angeles guilty of independent negligence and breach of duty and that said finding is res judicata as to the respondent, and urges that there is no basis in fact or in law for respondent's assumption that appellants were negligent or were liable for the accident and injuries of Mrs. White and, further, that the ''hold harmless'' agreement does not indemnify respondent for its own negligence.

In support of its position many cases are cited by appellants, but it appears that the cases of *City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802] and *County of Alameda* v. *Southern Pac. Co.,* 55 Cal.2d 479 [11 Cal.Rptr. 751, 360 P.2d 327], set forth the proper rule as respects the instant case. Also, the case of *San Francisco Unified Sch. Dist.* v. *California Bldg. etc. Co.,* 162 Cal.App.2d 434 [328 P.2d 785], indicates that the respondent must prevail here. In that case it is pointed out that the principal action against the school district was res judicata of the facts in the subsequent action by the school district against the maintenance company from which it sought indemnity; that whatever was determined in the prior action was res judicata in the latter case although the maintenance company was not a party to the earlier action. (*San Francisco Unified Sch. Dist.* v. *California Bldg. etc. Co., supra,* at p. 442.) ▉ The case of *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 811 [122 P.2d

892], says: "The criteria for determining who may assert a plea of res judicata differ fundamentally from the criteria for determining against whom a plea of res judicata may be asserted. The requirements of due process of law forbid the assertion of a plea of res judicata against a party unless he was bound by the earlier litigation in which the matter was decided. [Citations.] He is bound by that litigation only if he has been a party thereto or in privity with a party thereto. (*Ibid.*) There is no compelling reason, however, for requiring that the party asserting the plea of res judicata must have been a party, or in privity with a party, to the earlier litigation." ■■ And further in the same case at page 813 it is said: "In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?" ■■ With these rules in mind, it would appear that *White* v. *Cox Bros. Construction Co., supra,* was res judicata in the instant action.

In *San Francisco Unified Sch. Dist. v. California Bldg. etc., Co., supra,* the district had entered into a contract with the building company to wash the windows of certain public buildings. An employee of the building company was injured while performing the work called for by the contract and recovered a judgment against the district based upon a claim that the injuries were caused by a dangerous and defective condition of the building. The district was entitled to indemnification from the defendant as the defendant had breached its agreement to wash the windows in a particular manner and also the contract provided that the maintenance company "is held responsible for payment of any and all damages resulting from [its] operations." [P. 437.] At page 443 of that opinion it is said: "The school district, as a matter of law, was negligent in failing to supply a safe place in which Dubay [the injured window washer] was to work. The maintenance company contracted and agreed to wash the windows in a certain way. The windows were washed in a manner in direct violation of this contract. Was the trial court correct in holding that, as a matter of law, the maintenance company is not liable for damages for breach of its contract, the damages obviously being the amount that the school district was obligated to pay

to Dubay and to the workmen's compensation insurance carrier?

"The parties argue this question as if the school district and the maintenance company were joint tort feasors, and disagree as to whether an exception to the rule of no contribution between joint tort feasors exists in this case. . . .

[P. 444.] "There can be no doubt that the school district and the maintenance company are joint tort feasors. The normal common law rule is that one tort feasor cannot seek contribution from the other. The trial court granted the nonsuit in the belief that this doctrine was applicable to the facts here involved." The opinion goes on to point out that there are exceptions to this rule and that regardless of whether two parties may be joint tort feasors, one may be required to indemnify the other if there is a contract expressed or implied to that effect.

In the instant case under the record before us which contains the transcript of proceedings in the case of *White* v. *Cox Bros. Construction Co.,* 162 Cal.App.2d 491, *supra,* it appears that Mrs. White's injuries were suffered on a stretch of county road which was then under construction by appellants; that under the contract existing between the county and appellants, appellants undertook to guard the public from danger, to maintain "barriers, guards, lights and temporary bridges, and to post watchmen, when and where it may be necessary so to do in order to effectively guard the public from danger as a result of the work being done." And, furthermore, to "post proper notices and signals to the public regarding detours and the condition of the work under construction . . . ." It further appears that the condition of the road at the place of Mrs. White's accident was at least in part occasioned or aggravated by the acts of appellants in removing the pavement in such a manner as to leave an abrupt dropoff to a rough, rutted, gravel surface containing a bad chuckhole. These facts are as much res judicata against the appellant as they are against respondent county which was found by the jury's verdict to have been chargeable with negligently failing to repair a defective condition known to it.

In *Harvey Mach. Co.* v. *Hatzel & Buehler, Inc.,* 54 Cal.2d 445 [6 Cal.Rptr. 284, 353 P.2d 924], a case wherein the plaintiff had contracted for the construction of a new industrial building and while defendants and others were engaged in this construction work one of defendant's employees fell into an open elevator pit, suffered injuries and brought suit against the

plaintiff, the court held in an action for declaratory relief that plaintiff was entitled to indemnification under a "hold harmless" provision similar to the provision in the instant case, saying at page 448: "The situation here presented, where Harvey contracted for the complete construction of its plant and exacted from the defendants, and through them, from the subcontractors, hold harmless and indemnification clauses in the case of injuries to the defendants' employees, requires a realistic conclusion that the parties knowingly bargained for the very protection here in issue. Where, as in the case at bar, the contractors had practical control of the structures on the premises, any negligence for the condition of the structures would obviously not be that of the owner alone. The accident, in these circumstances, was one of the risks, if not the most obvious risk, against Harvey sought to be covered. This realistic approach cannot be sacrificed to the formalism of rules of construction where the circumstances are inconsistent with the need of an application of such rules in order to determine the parties' intentions."

The case of *County of Alameda* v. *Southern Pac Co.*, 55 Cal.2d 479 [11 Cal.Rptr. 751, 360 P.2d 327], was one wherein an implied contract of indemnity was applied by the court to a situation where after judgment against the county, the county sought indemnity from a rock company and the railroad, it was said at page 483: "Rock [one of the appellants] as the property owner which constructed the track across the highway for the benefit of its property was under a common-law duty to maintain the crossing in a safe condition for travel (*City & County of San Francisco* v. *Ho Sing, supra*, 51 Cal.2d, p. 129) and the county is entitled to recover over against Rock by way of indemnity for the amount it was out of pocket by reason of Rock's negligent failure to properly maintain the crossing." At page 485 the opinion further states: "The corporate defendants cite Restatement, Restitution, section 95: 'Where a person has become liable with another for harm caused to a third person because of his negligent failure to make safe a dangerous condition of land or chattels, which was created by the misconduct of the other or which, as between the two, it was the other's duty to make safe, he is entitled to restitution from the other for expenditures properly made in the discharge of such liability, *unless after discovery of the danger, he acquiesced in the continuation of the condition.*' (Emphasis added.)" The opinion continues to point out that in the case there under consideration

the defense that the county had acquiesced in the condition was not there before the court as it is here.

 It would appear that the right of the county to recover here is based upon the contractual relations of the parties, and the fact that the county may have been liable to Mrs. White for the injuries suffered by her because of its independent negligence does not relieve appellants of their duty to indemnify the county for such loss. When it is considered that in *City & County of San Francisco* v. *Ho Sing,* 51 Cal.2d 127 [330 P.2d 802], and *County of Alameda* v. *Southern Pac. Co.,* 55 Cal.2d 479 [11 Cal. Rptr. 751, 360 P.2d 327], a right of indemnity was enforced without express agreement, it is difficult to escape the conclusion that the court below was correct in its determination in the instant case where there is an indemnity agreement which, if it means anything, means that appellants should indemnify the county for exactly the type of liability which it suffered here.

To hold otherwise would be to allow a codefendant, initially responsible for the creation of a dangerous condition on a public road to escape its just liability by obtaining a covenant not to sue from the injured party without the knowledge or consent of the municipality or public agency which it had theretofore agreed to indemnify for the very damage which has occurred.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied October 24, 1961, and appellants' petition for a hearing by the Supreme Court was denied November 29, 1961. Schauer, J., was of the opinion that the petition should be granted.