**Spencer B. BAGGE and Alfred Botti, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 42838.**

United States District Court
N. D. California, S. D.

June 12, 1965.

Bronson, Bronson & McKinnon, by Ernest M. Thayer, San Francisco, Cal., for plaintiffs.

Jerry K. Cimmet, Asst. U. S. Atty., San Francisco, Cal., for defendant.

SWEIGERT, District Judge.

This is an action by plaintiffs Bagge and Botti under the Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680.

The case is before the Court on motion of the United States for summary judgment, based upon the pleadings, and up-

on the affidavits of Jerry K. Cimmet, dated April 16, 1965 with 10 exhibits attached, and dated May 13, 1965 with Exhibits A and B attached. Plaintiffs have countered with the affidavit of Ernest M. Thayer with exhibit attached.

The action arises out of an accident which occurred on February 9, 1960, when a broken wind deflector fell from the window of Room 545 at 79 New Montgomery Street, San Francisco, and struck two pedestrians, Cristich and Napier, on the sidewalk below. Cristich and Napier filed a Tort Claims action against the United States, a tenant in the premises at the time of the accident. At the same time Cristich and Napier filed an action, No. 499912, in the Superior Court in San Francisco against the owner of the building, Allied Properties, and plaintiff Bagge, a contractor for Allied who had installed the wind deflector. Plaintiff Botti, an employee of Bagge, was not a party to the Superior Court action 499912.

Cristich and Napier obtained judgment against Allied and Bagge in the Superior Court. That judgment became final on November 28, 1962 and has been satisfied. Cristich and Napier then filed a voluntary dismissal of their Tort Claims action against the United States.

Allied then brought an action for indemnity in San Francisco Municipal Court, No. 493319, against Bagge and Botti. Botti was dismissed by consent during the trial; Bagge recovered a judgment against Allied in that action.

Bagge now seeks to recover from the United States the balance of the judgment recovered against him by Cristich and Napier and the amount of attorney's fees and costs expended in contesting the above actions.

The complaint of Cristich and Napier in the Superior Court action alleged that the defendants, Allied and Bagge, "carelessly and negligently constructed, maintained, supervised, installed, repaired, and operated said building and the fixtures therein" so that Cristich and Napier were thereby injured. The pre-

trial conference order in that case refers to "a defective wind deflector" and to the injuries "proximately caused by concurring negligence of both defendants [Allied and Bagge] and of the United States Postal Service."

The complaint of Bagge and Botti in this action alleges that employees of the Post Office Department of the United States "negligently controlled, maintained, supervised, altered, repaired and operated" the premises in question and that Cristich and Napier were thereby injured. The complaint further alleges that their injuries were the "sole, direct and proximate result of that negligence."

It is undenied that the trial judge in the Superior Court gave the following instruction, "You are instructed that if you find that negligence on the part of the Post Office Department or its employees was the sole proximate cause of the injuries to the plaintiff, then your verdict must be for the defendants." The jury found Bagge and Allied guilty of negligence and impliedly found that the negligence, if any, of the employees of the United States was not the *sole* proximate cause of the injuries.

It is, therefore, clear that the plaintiffs in this case are attempting to shift the entire responsibility for the accident to the United States. They are, in effect, attempting to relitigate the question of negligence already decided adversely to them in the Superior Court action noted above.

■ It is the opinion of this Court that plaintiff Bagge, a party to the Superior Court action, is collaterally estopped from relitigating the issue of his negligence *vel non* in this action against the United States. United States v. United Air Lines, Inc., 216 F.Supp. 709, 725–729 (S.D.Cal.1962), affirmed sub. nom. United Air Lines Inc. v. Wiener, 335 F.2d 379, 404 (9th Cir. 1964) ; Bernhard v. Bank of America, 19 Cal.2d 807, 122 P.2d 892 (1942) ; Teitelbaum Furs, Inc. v. The Dominion Insurance Co., 58 Cal.2d 601, 25 Cal.Rptr. 559, 375 P.2d 439 (1962) ; cf. McDougall v. Palo Alto

Unified School District, 212 Cal.App.2d 422, 28 Cal.Rptr. 37 (1963).

The Court must consider whether under these circumstances Bagge may, nevertheless, maintain this action for indemnity against the United States.

 The right of indemnity, where it exists, may be enforced against the United States under the Tort Claims Act. United States v. Yellow Cab Co., 340 U.S. 543, 71 S.Ct. 399, 95 L.Ed. 523 (1951); United Air Lines, Inc. v. Wiener, supra, at 401 of 335 F.2d. "The right to indemnity is implied where the parties are in some special relationship which imposes primary liability on one and secondary liability on another. It is not implied where there is no such relationship, and both tortfeasors owe the same kind of duty to the injured party; and it is immaterial that the negligence of the party claiming indemnity (1) is less than that of the other, or (2) is merely 'passive' while that of the other is active." 2 Witkin, Summary of California Law, Torts Sec. 22B, 1963 Supp., p. 62, citing American Can Co. v. City and County of San Francisco, 202 Cal. App.2d 520, 21 Cal.Rptr. 33 (1962).

California law is clear to the effect that, if the same duty of care is owed by the joint or concurrent tortfeasors, there cannot be indemnity between them. Horn & Barker, Inc. v. Macco Corporation, 228 A.C.A. 99, 39 Cal.Rptr. 320 (1964); Mundt v. Alta Bates Hospital, 223 Cal.App.2d 413, 35 Cal.Rptr. 848 (1963); American Can Co. v. City and County of San Francisco, supra.

There can be no dispute that Bagge's negligence could only have consisted of his negligent installation of the wind deflector or his negligent failure to repair the defect. Bagge owed the same duty of care to pedestrians in the street below as did the United States as tenant of the property from which the glass fell. There can, therefore, be no dispute on this record about the fact that, assuming negligence on the part of the United States, Bagge was a joint tortfeasor who may not recover indemnity from the other joint tortfeasor.

It is undisputed from the record that plaintiff Botti was never held liable for negligence in either of the state court actions noted above. As he has not been, he has no rights to assert against the defendant in this case.

For the foregoing reasons defendant's motion for summary judgment is granted.

In view of the Court's decision, plaintiff's motion to amend the complaint to add details of costs incurred must be, and is, denied.