[Civ. No. 21930.   First Dist., Div. Three.   Feb. 16, 1966.]

M. J. KING, Cross-complainant and Appellant, v. TIMBER STRUCTURES, INC. OF CALIFORNIA, Cross-defendant and Respondent.

John Wynne Herron, Herron & Winn and Cyril Viadro for Cross-complainant and Appellant.

Sedgwick, Detert, Moran & Arnold, Barfield, Barfield & Dryden, Edward T. Moran and Robert E. Dryden for Cross-defendant and Respondent.

DEVINE, J.—On May 7, 1954, the roof trusses of a building which was being constructed for Safeway Stores, Incorporated, in Redwood City collapsed. Six employees of M. J.

King, appellant, the general contractor, were injured. They brought action against Safeway as owner; as employees they could not sue King. Safeway settled all but one lawsuit (the one resulted in nonsuit) and then brought action against King and his surety on a contract of indemnity, for the settlement amounts plus various fees, expenses and costs in defending the action, a total of $39,003.50 and expenses caused by delay, $1,498.87. Judgment for Safeway was affirmed. (*Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.*, 202 Cal.App.2d 99 [20 Cal.Rptr. 820].) In the lawsuit King cross-complained against Timber Structures, Inc., the subcontractor who had produced and erected the trusses. On motion of Timber Structures severance of the issues raised by the cross-complaint was granted. The findings of fact and the judgment expressly reserve for subsequent trial the issues raised by the cross-complaint.

King then brought his cross-complaint to trial. Judgment was given against him, and it is from this judgment that the present appeal was taken. At the trial on the cross-complaint, which we shall call the "second trial," Timber Structures contended that the doctrines of res judicata and collateral estoppel apply against King because in the first trial a finding was made that King had been guilty of what amounted to active negligence. The first trial was heard by Honorable Carl W. Allen, the second by Honorable H. A. van der Zee. Judge Allen had found that King had violated his construction contract with Safeway in these four ways: "(a) by causing roof trusses and framing to be installed which were inferior and not of the best quality; (b) by causing such installation to be made without required bracing; (c) by failing to maintain safeguards against accidents and injuries; and (d) by overloading the building in a manner that endangered its safety." (202 Cal.App.2d at p. 105.) Judge Allen also noted in his findings that at the time of the accident there was in effect an ordinance of Redwood City which required that: "Bracing shall be placed during erection whenever necessary to take care of all loads to which the structure may be subjected";[1] and an ordinance which required that: "Roof framing and trussing shall be thoroughly and effectively angle braced."[2] Judge Allen came to the conclusion that the work performed by King was done negligently and carelessly and in violation of the contract,

[1] Uniform Building Code (1946 ed.), section 2312.
[2] Uniform Building Code (1946 ed.), section 3203.

and that the doing of the work in this manner proximately caused the building to collapse.

In his findings and conclusions of law Judge Allen did not decide whether King's negligence was active or passive; indeed, there was no reason for him to do so because the subject of negligence was before him only for determination (a) whether King was negligent at all, as against his denial of negligence; (b) whether Safeway, plaintiff in the first trial, was negligent; and (c) if Safeway were held to be negligent, whether negligence on the part of Safeway was active or passive.

Judge van der Zee's findings expressly refer to the findings just mentioned which had been made by Judge Allen, but in addition Judge van der Zee finds that King was in exclusive control of the construction from May 4, 1954. Judge van der Zee states, among his conclusions of law: (1) That the findings of fact and conclusions of law made by Judge Allen operate as a conclusive determination against King as cross-complainant, as a determination that he was guilty of active and affirmative negligence. Judge van der Zee applies the doctrines of res judicata and collateral estoppel. (2) That the character of negligence of cross-complainant was such as to bar the cross-complaint for indemnification under the written subcontract with cross-defendant Timber Structures. (3) That the provisions of said written subcontract are not broad enough to provide indemnification to cross-complainant as a result of his own affirmative active negligence.

The cross-complaint of King, contractor, against Timber Structures, subcontractor, is based on a written contract which contains provisions of indemnification. Timber Structures agrees to install trusses in place with required struts and cross-bracing, the truss design to meet the approved plans.

The applicable principles of indemnity are:

1. If the contract of indemnification specifically agrees to protect and reimburse the indemnitee even if he becomes actively negligent, the agreement will be enforced. (*Goldman* v. *Ecco-Phoenix Elec. Corp.*, 62 Cal.2d 40, 48 [41 Cal.Rptr. 73, 396 P.2d 377]; *Harvey Machine Co.* v. *Hatzel & Buehler, Inc.*, 54 Cal.2d 445 [6 Cal.Rptr. 284, 353 P.2d 924]; *Rosendahl Corp.* v. *H. K. Ferguson Co.*, 211 Cal.App.2d 313 [27 Cal.Rptr. 56]; *Pacific Tel. & Tel. Co.* v. *Chick*, 202 Cal. App.2d 708 [21 Cal.Rptr. 326]; *County of Los Angeles* v. *Cox Bros. Constr. Co.*, 195 Cal.App.2d 836 [16 Cal.Rptr.

250].)　But in this case the court concluded that the contract does not do this. Appellant does not challenge this part of the decision.

2. Absent such a provision as is described in 1, the indemnitee may recover on his contract even if he were negligent, provided his negligence is of the passive kind. (*Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.*, 202 Cal.App.2d 99 [20 Cal.Rptr. 820]; *Cahill Bros., Inc.* v. *Clementina Co.*, 208 Cal.App.2d 367 [25 Cal.Rptr. 301]; *Baldwin Contracting Co.* v. *Winston Steel Works, Inc.*, 236 Cal.App.2d 565, 572 [46 Cal.Rptr. 421].)

3. But, absent such a contract as in 1, if the indemnitee has been negligent and his negligence is active, he may not recover on his contract of indemnity. (*Harvey Machine Co.* v. *Hatzel & Buehler, Inc.*, supra; *Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.*, supra; *Baldwin Contracting Co.* v. *Winston Steel Works, Inc.*, supra.)

The difference between the two kinds of negligence is simply that one is passively negligent if he merely fails to act in fulfillment of a duty of care which the law imposes on him; in this case, the duty of a general contractor. One is actively negligent if he participates in some manner in the conduct or omission which caused the injury. (*Cahill Bros., Inc.* v. *Clementina Co.*, supra, p. 382.) The indemnitee may not then recover even though the indemnitor's negligence was the greater. (*Horn & Barker, Inc.* v. *Macco Corp.*, 228 Cal.App.2d 96, 103-104 [39 Cal.Rptr. 320].) It is the character of the negligence and not its degree which is determinative. (*American Can Co.* v. *City & County of San Francisco*, 202 Cal.App.2d 520, 525 [21 Cal.Rptr. 33].)　When it is established that plaintiff (or cross-complainant) was responsible for the active negligence of one of its employees, which was at least *one* of the proximate causes of the accident, the right of indemnity is foreclosed. (*Horn & Barker, Inc.* v. *Macco Corp.*, supra, p. 103.)

In the second trial, Judge van der Zee had before him not only the findings and conclusions of Judge Allen, but also all of the transcript and exhibits of the first trial. From all that was at his disposal he concluded that the negligence of King was *active* negligence. Judge van der Zee did not decide that appellant is estopped by the *judgment* in the first trial nor even by Judge Allen's finding that appellant was negligent, but by this finding plus Judge van der Zee's conclusion of law that such negligence was active in character.　A

party to an action, as appellant has been from the beginning, may be collaterally estopped from relitigating a particular issue which is identical with the one earlier presented. (*Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892] ; *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd.,* 58 Cal.2d 601 [25 Cal.Rptr. 559, 375 P.2d 439] ; *Bagge* v. *United States,* 242 F.Supp. 809.) ▮ Appellant argues that collateral estoppel could not be invoked against him, else the reservation of issues raised by the cross-complaint which was made in the order severing the cross-complaint from the main action would become meaningless. This does not follow. The issue whether King was guilty of active or merely passive negligence was not decided until the judgment which followed the second trial. Thus, the reservation was complied with. The question whether King was negligent was a leading issue in the first trial.

▮ Appellant's next argument is that collateral estoppel applies only to ultimate and not to evidentiary facts. But the findings made by Judge Allen, which are referred to above, are ultimate facts. They were pleaded in the complaint of Safeway Stores against King and were denied by King in his answer. These facts constitute the breach of contract on which Safeway relied. All of them (with the exception of the reference to the trusses and framing as not being of the *best* quality) spell out negligence on King's part, which the judge found to be a proximate cause of the accident. In *Bagge* v. *United States, supra,* at page 810, the court, applying California law, held that plaintiff was collaterally estopped from relitigating the issue of his negligence *vel non.*

▮ Finally, appellant asserts that collateral estoppel should not be allowed against a party who, because he was the defendant rather than the plaintiff in the prior action, did not have the initiative and thus did not have a full and fair opportunity to litigate the issue effectively. But in *Teitelbaum Furs, Inc.* v. *Dominion Ins. Co., Ltd., supra,* at pages 606-607, collateral estoppel was applied against a party who did not have the initiative. He had, however, been afforded a full opportunity to litigate the issue and had had every motive to make as vigorous and effective a defense as possible. In the present case, King knew, during the first trial, of his own pending cross-complaint against Timber Structures, and knew (we impute counsel's knowledge to him) that his cross-complaint would be barred if he were found guilty of negligence which would be found to be active

in kind. He knew that he must take the initiative at the trial of the cross-complaint. In a severed trial, one must sometimes be Janus-headed if he would prevent estoppel by adjudication of disputed factual issues.

It is argued that neither Safeway nor King need have been much concerned during the first trial about the character of King's negligence, because Safeway could recover from King as general contractor on his contract of indemnity even if the negligence were solely that of Timber Structures, the subcontractor. King argues that he was concerned at the first trial not so much with defending against charges of negligence on his part as with his attempt to show that Safeway itself was guilty of active negligence because its supervisor on the job suspected that the trusses were defective.

But, actually, Safeway prosecuted its claim of negligence on the part of King with the utmost determination at the first trial. It is true that King made but little showing in denial but this failure, as we read the transcript, appears to have resulted from the fact that he had almost no defense to the charge. His superintendent, Soholt, admitted under Code of Civil Procedure section 2055 examination that he had serious doubt about the quality of the trusses, but he allowed them to be put up, under orders from his office, and he proceeded to load them with the weight of the roof. Against this showing of negligence, which was referred to in *Safeway Stores, Inc.* v. *Massachusetts Bonding & Ins. Co.*, 202 Cal. App.2d 99, particularly at pages 106-109 [20 Cal.Rptr. 820], and which the judge in the second trial properly found to be active negligence, appellant proposed at the second trial in his opening statement to show by expert testimony that Timber Structures as subcontractor was obliged to put the trusses up with adequate cross-braces and struts; that insufficient bracing is an engineering factor which a superintendent of construction would not know; and, presumably, that therefore there was no active negligence on the part of King. This would not counteract the active negligence of King and his employees in causing the trusses to be installed and loaded subsequent to Soholt's misgivings about the trusses.

We are not confronted with and do not decide the question of collateral estoppel in a case based on breach of contract only, into which no element of tortious conduct has entered. The actions of the injured persons against Safeway were completely ex delicto; Safeway's action against King was based partly on breach of contract but partly on the liability which had been imposed upon Safeway by reason of its

breach of duty to third persons, including the injured employees. Safeway sought indemnity from King for the expenses to which it had been put because of the employees' actions (plus the relatively small amount of expense caused by delay in the construction). King recognized Safeway's action against him to have in part the characteristics of an action ex delicto because he sought to show active negligence on the part of Safeway. The final part of the series of actions, which is before us, had its beginnings in the actions in tort commenced by the employees. Thus, it is King's active breach of duty to the public at large and to the injured persons in particular which bars him from recovery.

Judgment affirmed.

Draper, P. J., and Salsman, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 13, 1966.