[Civ. No. 9719. Fourth Dist., Div. One. Sept. 21, 1970.]

SAN DIEGO GAS AND ELECTRIC CO.,
Cross-complainant and Respondent, v.
DAVEY TREE SURGERY CO., Cross-defendant and Appellant.

1098

---

COUNSEL

Higgs, Jennings, Fletcher & Mack, Joel C. Estes and David D. Randolph for Cross-defendant and Appellant.

Luce, Forward, Hamilton & Scripps, Jack W. Crumley and James M. Dort for Cross-complainant and Respondent.

---

OPINION

**COUGHLIN, J.**—Davey Tree Surgery Co., Ltd., hereinafter referred to as "Davey," appeals from a judgment on a cross-complaint in favor of San

Diego Gas and Electric Co., hereinafter referred to as "Electric," requiring Davey to indemnify Electric against any loss on account of the judgment on the complaint in the case in favor of Pedro Del Real and against Davey and Electric awarding Del Real damages for injuries proximately caused by the negligence of Davey and Electric.

The posture of the case as it reaches this court is unusual in that the judgment in favor of Del Real, based on a jury's verdict, is final; implicit in the judgment is the determination both Davey and Electric owed Del Real a duty to exercise care for his protection, the negligent discharge of which caused his injuries; Davey has satisfied the judgment in full; and Davey contends, in substance, it is not liable as an indemnitor because it did not have a duty to exercise care toward Del Real.

On May 14, 1966, Del Real was burned, while picking avocados, when the aluminum pole used in the picking came in contact with overhanging high voltage electric wires owned by Electric. There is substantial evidence these wires were in the immediate vicinity of the top of the avocado tree from which Del Real was picking avocados. This conclusion is supported by testimony the branches of the tree were as high as the wires; one branch was above the wires; the top of the tree was within inches of or less than a foot from the wires; after the accident some of the branches at the top of the tree looked as though they had been burned by a wire; and normally the "travel of a picking pole" in the course of picking is not more than a foot from the fruit that is being picked. The record dictates the conclusion the judgment in favor of Del Real is predicated upon findings, implied in the verdict, the distance between the wires and the top of the tree was unsafe for pickers; it was negligent to fail to ascertain and eliminate this unsafe condition; both Davey and Electric were chargeable with this negligence; and both were liable for the injuries resulting therefrom.

█ Basic to a cause of action for injury caused by negligence is the existence of a duty on the part of the defendant to protect the plaintiff from the injury of which the latter complains. (Gen. see 35 Cal.Jur.2d 494, § 9; *Johnstone* v. *Panama Pac. Intl. Exposition Co.*, 187 Cal. 323, 326 [202 P. 34].) The duty upon Electric to exercise ordinary care to protect Del Real from injury by its power lines was imposed by law. (*McCormick* v. *Great Western Power Co.*, 214 Cal. 658, 662 [8 P.2d 145, 81 A.L.R. 678]; *Minter* v. *San Diego Consol. Gas etc. Co.*, 180 Cal. 723 [182 P. 749].) The duty upon Davey to exercise ordinary care to protect Del Real from injury by Electric's power lines, under the evidence and judgment in this case, was imposed by a contract between it and Electric whereby Davey agreed to trim the trees under Electric's power

lines. (Gen. see *Eads* v. *Marks,* 39 Cal.2d 807, 810 [249 P.2d 257].) Under the evidence in the case there was no basis other than this contract for a finding Davey was under a duty to exercise ordinary care to protect Del Real from injury by contact with Electric's power lines. This conclusion is pertinent to the issues on appeal because Davey contends the contract between it and Electric imposed upon it only the duty of keeping trees under the power lines from coming in contact with the wires to prevent the trees from endangering the lines and interrupting the electrical service; and did not impose upon it the duty of keeping the trees a safe distance from the power lines to protect pickers.

The tree trimming contract between Electric and Davey is the basis of the cross-complaint by Electric to require Davey to indemnify it from any liability for damages on account of injuries sustained by Del Real. Among other things, the contract provides: "As between itself and Company (Electric), Contractor (Davey) shall be solely liable for all injuries to . . . any and all persons . . . arising out of or connected in any manner with the performance or purported performance of the work specified in this agreement. Contractor shall indemnify and save Company harmless from any and all actions, . . . injuries . . . claims, demands, or liabilities, . . . arising in any manner, directly or indirectly, through the operation of this agreement or the performance or purported performance of the work specified in this agreement, notwithstanding the circumstance that the Company" may have jointly caused or contributed, by its negligence, to any such action, claim, demand or liability.

■ Davey contends its only obligation under the tree trimming contract was to trim trees to keep them from coming in contact with the wires above to prevent an interruption of electrical services and damage to the wires; it was not obligated to trim trees to protect pickers; as a consequence the injuries sustained by Del Real, the action against Electric, and the latter's liability in the premises could not have arisen out of the performance of work specified in or through the operation of that contract; and therefore the injuries, action and liability in question are not covered by the indemnity provisions of the contract. At the trial of the action upon the complaint by Del Real, Davey urged the same contention respecting its obligation under the contract. The issues of fact in that trial were determined by a jury. Its verdict in favor of Del Real implied a finding the contract imposed upon Davey the duty to trim trees to provide a safe distance between them and the overhanging wires to prevent injury to pickers, and Davey's negligence in the discharge of that duty was a cause of Del Real's injuries. The contract and evidence respecting Davey's obligation and performance thereunder were submitted to the jury for its consideration in determining the issues under the complaint. The same

contract and evidence were submitted to the court for consideration in determining the issues under the cross-complaint. Davey moved for judgment on the complaint notwithstanding the verdict contending, as it now contends, the contract did not impose upon it a duty to exercise care in its tree trimming operations to protect the avocado pickers. The motion was denied. Thereupon judgment in favor of Del Real against Davey and Electric was entered. A motion for a new trial was denied. No appeal was taken. Davey satisfied the judgment in full pursuant to a stipulation between it and Electric that payment of the judgment would not affect any "right" of Davey against Electric. The apparent intent of the stipulation was to preserve Davey's claimed right to contribution from Electric; relates only to the effect of *payment of the judgment* on the "rights" of Davey; and does not refer to its obligation under the indemnity provisions of the contract. The judgment on the complaint has become final; under the doctrine of collateral estoppel by judgment, is a conclusive determination Davey's obligation under the tree trimming contract required it to trim the trees in such a manner as to provide a safe distance between the tops thereof and the overhanging wires for the protection of avocado pickers; and dictates rejection of its contention, premised on the claimed nonexistence of such an obligation, that liability for Del Real's injuries is not covered by the indemnity provisions of the contract. (*Berry* v. *City of Santa Barbara*, 248 Cal.App.2d 438, 445-446 [56 Cal.Rptr. 553]; *County of Los Angeles* v. *Cox Bros. Constr. Co.*, 195 Cal.App.2d 836, 840 [16 Cal.Rptr. 250]; *San Francisco Unified School Dist.* v. *California Bldg. etc. Co.*, 162 Cal.App.2d 434, 442 [328 P.2d 785].)

█ The conclusion of the trial court, in the action on the cross-complaint, that the indemnity provisions of the tree trimming contract covered liability for Del Real's injuries, is supported not only by the foregoing application of the doctrine of collateral estoppel by judgment, but also by an independent consideration of the terms of the contract and the evidence in the case.

The contract provided Davey should perform "trimming" and "special trimming" in such a manner as to maintain adequate clearance between the trees and the overhanging power lines "as may be sufficient and necessary to insure that the same *shall not come* in contact with each other" (Italics ours); defined "special trimming" as trimming "designed to provide greater than five feet of clearance from the nearest electrical line"; required Davey to trim the growth of the trees away from the lines and perform the trimming in such fashion as to reduce to a minimum the number of retrimming operations; provided Davey should "cause trees in the vicinity of said lines to conform *at all times* to the standards set forth in this agreement" (Italics ours); and also required Davey to comply with

all applicable regulations of any governmental agency during the performance of the work specified in the contract. The agreement provided "special trimming" should be performed "upon order of the Superintendent." It thus appears the ordinary trimming contemplated by the contract was designed to provide a maximum clearance of five feet between the tops of the trees and the nearest electrical line. A district engineer for Electric testified he believed when Davey trimmed the trees it tried to trim them down at least four feet below the wires. As heretofore noted, the evidence supports the conclusion one branch of the accident-tree was above the wires; other branches were as high as the wires; and some branches were less than one foot, i.e., inches away from the wires. Davey contends it was not required to trim the tree unless its branches came in contact with the wires. The expressed intent of the agreement was to provide for the trimming of trees under overhanging wires to "insure" the trees "shall not come in contact" with the wires and contemplated a trimming providing a maximum clearance of five feet between the tops of trees and the lines. It did not limit trimming to trees that have come in contact with the wires.

Implicit in the findings of the trial court is the conclusion the accident-tree was one of those which Davey, in the performance of its contract, should have trimmed; such trimming would have produced a five-foot clearance between the top of the tree and the overhanging wires; and failure of Davey to trim the tree as required by the contract was the cause of the injuries sustained by Del Real. These facts support the conclusion of law Del Real's injuries, the action to recover damages on account thereof and the liability imposed upon Electric as a result thereof arose "directly or indirectly" through the operation of the tree trimming contract or the performance or purported performance of the work specified therein and were injuries, an action and a liability against which Davey agreed to indemnify Electric.

Corroborating the foregoing conclusion respecting the scope of the indemnity provision in the contract is the further provision requiring Davey to maintain public liability insurance naming the parties as co-insureds protecting against loss from liability on account of bodily injury "resulting directly or indirectly from any act or activities" of Davey. The phrase "act or activities" includes the act of Davey in permitting the branches on the accident-tree to remain untrimmed after reaching a height which, under the tree trimming contract, required trimming.

■ Davey also contends it is not liable as an indemnitor in that the injuries sustained by Del Real were caused not only by its negligence but also by Electric's negligence; the latter's negligence was active and, for this reason, its liability to Del Real is not covered by the indemnity provision, citing *King* v. *Timber Structures, Inc.*, 240 Cal.App.2d 178, 181

[49 Cal.Rptr. 414], in support of this position. The rule upon which Davey relies does not apply to an agreement, such as in the case at bench, expressly providing for indemnity where the loss is occasioned by the concurrent negligence of the indemnitee and the indemnitor. (*John E. Branagh & Sons* v. *Witcosky*, 242 Cal.App.2d 835, 842 [51 Cal.Rptr. 844]; *King* v. *Timber Structures, Inc., supra,* 240 Cal.App.2d 178, 181; *Pacific Tel. & Tel. Co.* v. *Chick,* 202 Cal.App.2d 708, 712 [21 Cal.Rptr. 326].)

The judgment is affirmed.

Brown (Gerald), P. J., concurred.

Whelan, J., and Ault, J., deeming themselves disqualified, did not participate.

A petition for a rehearing was denied October 9, 1970, and the following opinion then rendered:

THE COURT.— ██ In its petition for rehearing Davey Tree Surgery Co. directs attention to the fact we failed to rule upon its contention the trial court erred in denying its motion to strike the testimony of a witness named O'Hanrahan respecting the position of the wires above the accident tree. The basis for the motion was a claimed lack of foundation respecting the time and place when and where the witness made the observation about which he testified. No authority is cited in support of its position. ██ The issue is one of relevancy which is a matter within the discretion of the trial court. (*Zollars* v. *Barber,* 140 Cal.App.2d 502, 509 [295 P.2d 561]; *Spolter* v. *Four-Wheel Brake Service Co.,* 99 Cal.App.2d 690, 699 [222 P.2d 307].) ██ There is evidence supporting a conclusion the observation was made at a time and place relevant to the time and place of the accident even though there is evidence to the contrary. Denial of the motion to strike was not an abuse of discretion.

Appellant's petition for a hearing by the Supreme Court was denied December 10, 1970. McComb, J., did not participate therein.