Glenn E. COBLE, Plaintiff,

v.

UNITED STATES of America, Defendant.

UNITED STATES of America, Third Party Plaintiff,

v.

James B. STIRLING, Third Party Defendant.

Civ. No. 70–2342.

United States District Court, C. D. California.

Dec. 16, 1971.

Jack R. Ormes, Los Angeles, Cal., for plaintiff.

Robert L. Meyer, U. S. Atty., Frederick M. Brosio, Jr., L. Douglas Brown, Asst. U. S. Attys., Los Angeles, Cal., for defendant and third-party plaintiff.

L. E. Schweiner, Panorama City, Cal., for third-party defendant.

## MEMORANDUM OF DECISION AND ORDER

WILLIAM P. GRAY, District Judge.

This is an action, under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), for personal injuries resulting from a collision between a United States Air Force truck and an automobile, driven by James B. Stirling, in which the plaintiff was a passenger. The United States Government has filed a third party complaint for indemnity against Stirling. It contends that, although the driver of its truck was not guilty of negligence, in the event that it is adjudged liable to the plaintiff, it should be granted indemnity against Stirling because the truck driver was, at the very most, less culpable than was Stirling. The latter's motion to dismiss the third party complaint has been argued and submitted for decision.

California law is applicable to this issue, because the accident happened in California. Accordingly, the question before this court is whether, under such law, equitable indemnity in favor of one tort-feasor against another may be awarded when both have been negligent but the negligence of the latter exceeds that of the former.

At the outset, it should be noted that this case presents no exception to the common law rule against contribution between tort-feasors. Such contribution is limited by statute to cases in

which a money judgment has been rendered jointly against two or more defendants in a tort action, California Code of Civil Procedure § 875; under other circumstances the common law rule prevails, Guy F. Atkinson Co. v. Consani, 223 Cal.App.2d 342, 35 Cal. Rptr. 750 (1st Dist. 1963). There is no such judgment here, and the Government's recourse, if any, is limited to the principles of indemnity.

In California, the duty to indemnify will be found only if there is a contractual or an equitable relationship between the wrong-doers. Cahill Bros. v. Clementina Co., 208 Cal.App.2d 367, 25 Cal.Rptr. 301 (1st Dist. 1962); Herrero v. Atkinson, 227 Cal.App.2d 69, 38 Cal. Rptr. 490 (1st Dist. 1964). Since no contractual relationship exists between Stirling and the United States, any right to indemnity must be based upon principles of equity.

In California, an equitable relationship warranting indemnity has been held to exist when the secondary, passive role of one tort-feasor is contrasted with the primary, active role of the other. Aerojet General Corp. v. D. Zelinsky & Sons, 249 Cal.App.2d 604, 57 Cal.Rptr. 701 (3d Dist. 1967). However, a person ". . . is actively negligent if he participates in some manner in the conduct or omission which caused the injury. (Cahill Bros., Inc. v. Clementina Co. [208 Cal.App.2d 367, 25 Cal.Rptr. 301 (1st Dist. 1962)].) The indemnitee may not then recover even though the indemnitor's negligence was the greater." King v. Timber Structures, Inc., 240 Cal.App.2d 178, 182, 49 Cal.Rptr. 414, 417 (1st Dist. 1966); Atchison, T. & S. F. Ry. Co. v. Lan Franco, 266 Cal.App. 2d 741, 72 Cal.Rptr. 631 (2d Dist. 1968).

If, as the United States Government insists, its truck driver was not negligent, the Government has a complete defense and no indemnity is needed. If, however, he was negligent and if such negligence contributed proximately to the accident, he was an active tort-feasor, and the fact that the other driv-er may have been more at fault affords no basis for indemnity. Atchison, T. & S. F. Ry. Co. v. Lan Franco, *supra*.

The Government points out that any liability to the plaintiff that it may sustain arises solely through application of the doctrine of *respondeat superior*, and that its own participation in the accident was merely passive and secondary, which should be contrasted with Stirling's affirmative acts of negligence. The doctrine of *respondeat superior* dictates that the employer shall be held liable for the torts of his employees committed within the scope of the latter's employment, irrespective of whether or not the employer was an active participant. It is the *employee's* conduct that determines the right to indemnity. Atchison, T. & S. F. Ry. Co. v. Lan Franco, *supra.*

For the reasons hereinabove discussed, Stirling's motion to dismiss the Government's third party complaint for indemnity should be, and it hereby is, granted.