UNION ELECTRIC CO., Appellant, *v.* LOVELL LIVESTOCK CO., Respondent.

(No. 7,013.)

(Submitted February 28, 1933. Decided March 21, 1933.)

[20 Pac. (2d) 255.]

*Messrs. Rodgers & Collins,* for Appellant, submitted an original and a reply brief; *Mr. John Collins* argued the cause orally.

*Messrs. Gilbert, Gilbert & McFadden,* for Respondent, submitted a brief; *Mr. T. E. Gilbert* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

Plaintiff, a public utility, owns and operates a hydroelectric plant in Beaverhead county, and supplies its customers with electricity. For the development of power for the operation of its plant it impounds the waters of what is known as Lovell's Warm Springs and Brown's Springs. It owns one acre of ground on which its plant is located, and this is surrounded by lands owned by the defendant. Below the power plant the waters are discharged into a ditch upon defendant's land and conducted across defendant's land into what is known as the Sturgis ditch, and from thence into the Beaverhead River. The land upon which the Sturgis ditch is situated was purchased by plaintiff from George Rebich. The lower end of this ditch is about two miles in a straight line from the power plant. After the plaintiff makes use of the water in operating its plant, it is delivered direct from the tailrace of plaintiff's plant into defendant's ditch, and passes into possession and ownership of the defendant.

Prior to October 31, 1917, litigation arose between the parties hereto and others concerning the flooding of lands by the

water after it left the wheel of plaintiff's plant. On that day a written agreement was entered into between the plaintiff, as party of the first part, and defendant, as party of the second part, by the terms of which the Union Electric Company executed a quitclaim deed to all of the waters of Lovell's Warm Springs and Brown's Springs to the party of the second part after their discharge from the hydroelectric plant of the Union Electric Company, together with the full, complete and absolute control and use thereof. Also, by that agreement, the Union Electric Company agreed to execute and deliver to the defendant a deed conveying to it the land theretofore purchased by plaintiff from George Rebich, on which the Sturgis ditch was constructed. In addition, the agreement provided: "And as a part of the consideration of this agreement and to the end of all controversies between the parties hereto arising or existing from all past transactions since the Rose Heavy litigation, it is agreed between the parties hereto, that from this date, the party of the second part will henceforth and forever, as against the party of the first part, maintain, operate and care for the said 'Sturgis ditch' and the waters of Lovell's Warm Springs and Brown's Springs discharged and released from the hydroelectric plant of the first party to be conveyed therein, and will hold the said first party and its successors altogether harmless and free from any future costs incident to the maintenance of the said ditch and the diversion of the said waters thereby, and from all future costs, charges, trouble and damage, or litigation, by reason of or on account of the care, flow and control of said waters, excepting only such damages as may hereafter arise from negligence of the party of the first part."

During the winter of 1920–21, and 1921–22, the Sturgis ditch became filled with snow and ice which resulted in flooding and damaging lands of John Butala. Butala brought action against the Union Electric Company to recover damages. He recovered judgment on the first trial, and that judgment was reversed by this court in *Butala* v. *Union Electric Co.*, 70 Mont. 580, 226 Pac. 899, 901. Butala commenced

a second action against the Union Electric Company, grounded upon negligence of that company. Notice of the action was given to the Lovell Livestock Company, and a demand was made upon it to defend, which it refused to do. Butala recovered a verdict and judgment against the Union Electric Company. This judgment the Union Electric Company alleges in its complaint in this action it was compelled to pay, amounting to the total sum of $882.30. It brought this action for indemnity against the Lovell Livestock Company and sought, in addition to the amount of the judgment paid, the sum of $220.25 as attorneys' fees. At the trial of this action plaintiff offered in evidence the judgment-roll in the *Butala Case,* which, under objection, was excluded. It also made offers to prove, through its vice-president and manager, that Butala sued plaintiff for damages arising out of the flooding of his lands and recovered judgment, and that it paid money for costs and attorneys' fees amounting to $220.25 in defending the action. These offers were also refused. The court instructed the jury to return a verdict in plaintiff's favor for not to exceed the sum of one dollar. In conformity with this instruction the jury returned a verdict for the plaintiff in the sum of one dollar. From the judgment entered on the verdict, plaintiff appealed.

Plaintiff assigns error on the part of the court in excluding the judgment-roll in the *Butala Case* and in rejecting plaintiff's offers of proof. On behalf of defendant it is contended that, since the contract between the parties excepted the defendant from liability to indemnify plaintiff for damages arising from the negligence of the plaintiff, and since the judgment in the *Butala Case* established the negligence of plaintiff here, defendant is not liable in this action, and the offered evidence was properly excluded as incompetent and immaterial. The plaintiff, on the other hand, takes the view that the contract between the parties covers just such a situation as the facts here disclose, and requires the defendant to indemnify plaintiff. Thus it will be seen that the question of the admissibility of the Butala judgment as evidence in this action turns

upon the construction of the indemnity contract, and depends upon whether defendant under the facts here presented is liable to plaintiff.

The contract in question must be liberally construed in favor of the party intended to be indemnified (31 C. J. 427, note 48; *Eureka Coal Co.* v. *Louisville & N. R. Co.*, 219 Ala. 286, 122 South. 169; *Alabama Fidelity & Casualty Co.* v. *Alabama Penny Sav. Bank*, 200 Ala. 337, 76 South. 103), and so as to best effectuate and carry into operation the reasonable intention of the parties. (*Cook* v. *Galen*, 83 Mont. 334, 272 Pac. 250; *National Bank of Tacoma* v. *Aetna Casualty & Surety Co.*, 161 Wash. 239, 296 Pac. 831.)

Thus viewing the contract, the conclusion is inescapable that plaintiff is entitled to be indemnified by the defendant for damages occasioned by the Butala action. The evidence shows without dispute that plaintiff used its plant during the winters of 1920–21 and 1921–22 in the customary manner. It in nowise failed in the exercise of reasonable care as against the defendant. There was no breach of duty to defendant. As against defendant, plaintiff was in nowise negligent. As against Butala it was guilty of negligence, for the judgment in the *Butala Case* so determined. But we think the agreement, construed in the light of the circumstances existing at the time it was made, and keeping in mind the intention of the parties as shown by the instrument, impels the conclusion that the negligence of plaintiff, which was excepted by the terms of the contract, was some want of care in some duty other than that of keeping the ditch free from snow and ice sufficient to carry the usual flow of water from plaintiff's plant. The duty to keep the ditch free from snow and ice was placed by the agreement upon defendant. Butala's "injury and damage resulted from * * * the accumulation of ice and snow in the Sturgis ditch in such quantities as to prevent the water from passing on down to the Beaverhead River and causing it to overflow the banks of the ditch and thence to and upon plaintiff's [Butala's] land. Clearly, this result did not flow directly from defendant's [Union Elec-

tric Company's] acts, but was only consequential." (*Butala* v. *Union Electric Co.*, supra.)

The fact that, as against Butala, the plaintiff here was liable for the consequential damages, and that it was, as to Butala, guilty of negligence, does not preclude it from recovering indemnity against ·defendant for damages resulting primarily from the failure of defendant to keep the ditch free from snow and ice, for that was the very object and purpose of the contract.

The cases of *Glappa* v. *Detroit, G. H. & M. R. Co.*, 179 Mich. 76, 146 N. W. 134, and *Detroit, G. H. & M. Ry. Co.* v. *Boomer*, 194 Mich. 52, 160 N. W. 542, are relied upon by defendant as sustaining the action of the trial court. In those cases there was no agreement of indemnity such as we have before us. If the agreement here involved stopped after placing the duty on defendant to keep the ditch free from snow and ice, those cases would be more nearly on a parallel with this. But the agreement here, unlike that in those cases, provides for indemnity for all "future costs, charges, trouble, damage or litigation by reason of or on account of the care, flow and control of said waters." Also, in this case, the waters which flooded the Butala lands and which caused the damages were owned by and under the exclusive control of the defendant, whereas in those cases the ownership and possession of the locomotive, the offending agency, was in the plaintiff seeking indemnity.

Plaintiff here is entitled under its contract to maintain this ▇ action against defendant, and the court erred in excluding the offered evidence. It bore directly upon the extent of the damage for which plaintiff was entitled to be indemnified by defendant. (Sec. 8169, Rev. Codes 1921.)

The fact that this permits contribution by one tort-feasor ▇ against his joint tort-feasor, contrary to the established rule, results from the agreement of the parties. (14 R. C. L. 50.) Such a contract is not opposed to public policy, and has often been the basis of an action for contribution between joint wrongdoers. (*Kansas City etc. Ry. Co.* v. *Southern Ry.*

584

*News Co.*, 151 Mo. 373, 52 S. W. 205, 74 Am. St. Rep. 545, 45 L. R. A. 380; *Trenton Pass R. Co.* v. *Guarantors Liability Ind. Co.*, 60 N. J. L. 246, 37 Atl. 609, 44 L. R. A. 213; *Griffiths & Son Co.* v. *National Fireproofing Co.*, 310 Ill. 331, 141 N. E. 739, 38 A. L. R. 559, and cases cited in note; *Hoek* v. *Allendale Township*, 161 Mich. 571, 126 N. W. 987, 21 Ann. Cas. 118; *Township of Hart* v. *Noret*, 191 Mich. 427, 158 N. W. 17, L. R. A. 1916F, 83; *Colorado & S. Ry. Co.* v. *Western Light & Power Co.*, 73 Colo. 107, 214 Pac. 30.

The judgment is reversed and the cause remanded for a new trial.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, STEWART and ANDERSON concur.