WESTERN CONSTRUCTION EQUIPMENT COMPANY, A
CORPORATION, AND GENERAL AMERICA COMPANIES,
PLAINTIFFS AND APPELLANTS, v. MOSBY'S, INC., A CORPORA-
TION, DEFENDANT AND RESPONDENT.

No. 10893.
Submitted September 15, 1965. Decided October 4, 1965.
406 P.2d 165.

Garnaas, Murray & Hall, Harold L. Garnaas (argued), Mis-
soula, for appellants.

Edward T. Dussault (argued), Missoula, for respondent.

MR. JUSTICE CASTLES delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Fourth Judicial District in the County of Missoula after trial before the court without a jury. Findings of fact and conclusions of law were made.

The case arises from an alleged breach of an indemnification clause in a written lease agreement covering a "Clyde Builder Tower" used in construction and remodeling of a building by defendant. On October 6, 1953, plaintiff Western Construction Equipment Co., leased to defendant Mosby's, Inc., a hoisting tower by a written lease, this being the second lease between the same parties of the same equipment.

The lease contained these provisions:

"Lessee shall use Equipment at all times in a workmanlike manner and in such manner as will not injure the same except by the ordinary wear and tear of such equipment when in good workmanlike use and shall at Lessee's cost and expense replace with new parts any and/or all parts which may require replacement during the term of this lease. In the installation, location and use of Equipment Lessee shall comply fully with all the laws of the State in which Equipment is located and with all county or municipal ordinances thereto likewise appertaining.

"Lessee shall and does hereby agree to protect and save Lessor harmless against any and/or all losses or damage to Equipment by fire, flood, explosion, tornado or theft and Lessee shall and does hereby *assume all liability to any person whomsoever arising from the location, condition or use of Equipment, and shall indemnify and does indemnify Lessor of and from all liability, claim and demand whatsoever arising from the location, condition or use of Equipment, whether in operation or not, and growing out of any cause, including alleged imperfect or defective equipment,* and from every other liability, claim and demand whatsoever during the term of this lease or

arising while Equipment is in the possession of Lessee." (Emphasis supplied.)

On October 13, 1953, when the lease was in effect an employee of defendant Mosby's, Inc., one Nick Nissen, was injured in a fall from the tower while it was being operated by one Piche, also an employee and foreman of Mosby's, Inc. Nissen, the severely injured workman, was paid industrial accident insurance, such insurance having been carried by the employer Mosby's, Inc.

Subsequently Nissen brought an action against Western Construction Equipment Co., alleging defective equipment in the Clyde Building Tower leased by them to Mosby's, Inc. The complaint alleged damages in the amount of $250,000. After verdict for Western, motion for new trial was granted. Mosby's, Inc., at the inception was notified of the action and tendered the defense. Mosby's, Inc., refused to participate. Prior to the new trial of Nissen v. Western Construction Equipment Co., a settlement was reached.

Preceding the filing of the instant case, demand was made on Mosby's, Inc., as indicated above. Thereafter a complaint was filed alleging: the indemnification clause of the aforementioned lease agreement, the tender of defense, breach by Mosby's, Inc., and damage to Western Construction Equipment Co. in various specific amounts.

The answer of Mosby's, Inc., consisted merely of denials, one issue being whether Mosby's, Inc. was bound by the contract signed by its foreman, Piche.

The trial court found that the lease agreement was a valid and binding agreement upon Mosby's, Inc. and the evidence clearly so shows. It found that Mosby's, Inc., under the lease agreement "assumed all of the obligations of ownership." It inferentially found that the "obligations of ownership" only included workmen's compensation insurance, and that workmen's compensation insurance was a bar or defense to an action brought upon the written contract of indemnity.

The appellant here assigns four specifications of error, but

we find but one problem necessary to determine this appeal. That is whether workmen's compensation insurance is indemnity under the contract between the parties under circumstances here. That is, does it cover any liability "whatsoever arising from the location, condition or use of equipment, whether in operation or not, and growing out of any cause, including alleged imperfect or defective equipment, and from every other liability, claim and demand whatsoever during the term of this lease or arising while equipment is in the possession of lessee * * *."

It is seen that the contract language is explicit. It covers the eventuality that occurred, a liability for defective equipment. Unless there be some circumstances that would cause or result in an avoidance of the language we cannot see how any meaning can be given it other than what it says. The contracting parties are capable business entities. Three such contracts were executed by the same parties, both before and after the accident involved. There was notice, demands, and opportunity to participate. Yet, the District Court restricted the meaning of the contract to what it called "obligations of ownership." These "obligations of ownership" in the district judge's mind only required Industrial Accident Insurance. But, that premise ignores the plain language.

We look to respondent Mosby's, Inc. brief for assistance to determine under what possible theory such a result is reached. There we find the proposition advanced that the law does not favor one who endeavors to indemnify himself against his own negligence, and a provision in an instrument to do so will be strictly construed against the party relying upon it, citing City of Oakland v. Oakland Unified School Dist. of Alameda County, 141 Cal.App.2d 733, 297 P.2d 752. That case involved the question of what part of the leased premises were covered by the indemnity clause. The court said: "There is no question but that the indemnity provision is a valid one. The only question is as to what part of plaintiff's property it applied to.

\* \* \* The language of the lease is clear and unambiguous. It defines 'premises' and limits the indemnity to the premises defined. The fact that the parties 'understood,' if they did so, that defendants were to use more than the defined premises, did not extend the indemnity to more than the expressly defined limits."

As we read that case, it is contrary to respondent Mosby's, Inc. position. It holds such an indemnity clause valid but of course limits it to what it plainly says. So it is here.

This is the only citation of authority offered to support the district court's position on the question.

We look to our Code, R.C.M.1947, Chapter 3 of Title 30, and find indemnity defined in section 30-301 and rules for interpreting agreements of indemnity in section 30-307. Nowhere do we find any limitation or modification of express contracting parties in the situation here. In Union Electric Company v. Lovell Livestock Company, 93 Mont. 577, 20 P.2d 255, this court recognized a similar type of indemnity as here and stated it should be liberally construed in favor of the party intended to be indemnified and so as to best effectuate and carry into operation the reasonable intention of the parties.

So, here, unable to find any theory or authority to support the trial court, and finding the indemnity clause valid, we reverse its judgment. The terms of the contract are clear. The liability of the indemnitor, Mosby's, Inc., is controlled by that contract and the measure of damages is the same as for a surety, for whatever he may pay. (R.C.M.1947, section 30-308); and additionally for attorney fees as provided in the contract and for interest and reasonable expenses. In Great Northern Railway Company v. United States (D.C.Mont.), 187 F. Supp. 690, Judge Jameson held: "In any action for indemnity the amount recoverable is limited to the amount actually paid. Where, however, the indemnitee has notice of the suit and an opportunity to defend, ordinarily it is liable for costs and expenses incurred in addition to the amount paid in settlement."

Accordingly, the judgment is reversed and the matter remanded to the district court for entry of judgment in conformity herewith. It is so ordered.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES JOHN C. HARRISON, DOYLE and ADAIR concur.