No. 12501

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

BOYCE R. BALLARD,

Plaintiff and Appellant,

-vs-

VOLLSTEDT KERR LUMBER COMPANY, et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Fourteenth Judicial District, Honorable Nat Allen, Judge presiding.

Counsel of Record:

For Appellant:

Larsen and Gliko, Great Falls, Montana
David V. Gliko argued, and Dirk H. Larsen appeared, Great Falls, Montana

For Respondents:

Alexander, Kuenning and Miller, Great Falls, Montana
Neil E. Ugrin argued, Great Falls, Montana

---

Submitted: September 14, 1973

Decided: DEC 18 1973

Filed: DEC 18 1973

_Thomas J. Kearney_
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a summary judgment for defendants entered in the district court of the fourteenth judicial district, Meagher County. Plaintiff Boyce R. Ballard brought the action to recover damages for personal injuries received as a result of alleged negligence of defendants Vollstedt Kerr Lumber Company and Yamhill Lumber Co.

Defendants operated a saw mill at White Sulphur Springs, Montana. In 1968 plaintiff entered into a contract with defendants to haul logs to the White Sulphur Springs mill. In the logging contract, several paragraphs are provided protecting the logging operations including fire losses; and, paragraph 11 specifically provides for "liability insurance" with specified limits to be carried by the logger, and provides in part:

> "It is hereby understood and agreed that the Logger shall at all times hold the Vollstedt Kerr Lumber Co., V.K.V. Lumber Co. and the Yamhill Lumber Co. harmless, free and clear from any claims or responsibilities regarding any employee of the Logger from Bodily Injury and/or death and damage to property. * * *"

Paragraph 13 of the contract reads:

> "Liens and Claims. Logger expressly agrees to indemnify and save Company and Company's property harmless of and from any and all debts, dues, claims, demands, liens, charges or damages arising out of or connected with logger's operations under this contract which may be asserted by any person, association, corporation, federal government or any agency thereof."

Plaintiff alleged: that after unloading a load of logs he used an electric hoist to lift the unloaded trailer on to his truck, prior to his return to the timber for another load of logs; that the hoist failed to stop causing the trailer bunk to fall from the trailer striking him and causing him serious, painful and permanent injuries; that the electric hoist was owned, controlled and serviced by defendants; and it was used by plaintiff at defendants' request. Plaintiff was an independent contractor under the provisions of the logging contract.

We note here, in considering the district court's summary judgment, that plaintiff's allegation of a previous malfunction of the hoist is inserted for the first time as an issue on appeal. No such allegation appears in plaintiff's complaint.

Plaintiff received no workmen's compensation because he was considered an "independent contractor" and not an "employee" or "workman" entitled to benefits under Montana's Workmen's Compensation Act.

The sole issue on appeal is whether the indemnity clause, heretofore quoted, provides indemnification to the logger as against the company?

Plaintiff argues that under the provisions of the contract defendants seek to limit liability for their own negligent acts. He contends that under recent decisions of this Court defendants cannot do so and cites in support: Western Construction Co. v. Mosby's Inc., 146 Mont. 313, 406 P.2d 165; Lesofski v. Ravalli Co. Elec. Coop., 151 Mont. 104, 439 P.2d 370.

Plaintiff, recognizing there is a diversity of opinion on the issue and his position is a minority position, relies heavily on the California case of Vinnell Company v. Pacific Electric Railway Co., 52 C.2d 411, 340 P.2d 604, 607, 608. There, the court was called upon to consider a contract which purported to indemnify a party for his own negligent acts. The language of that contract was similar to that of the contract involved here. The court found the language did not save the indemnitee from liability for damages resulting from its own negligence, and said:

> "'In the overwhelming majority of the cases the result reached by their interpretational efforts can be condensed into the simple rule that where the parties fail to refer expressly to negligence in their contract such failure evidences the parties' intention not to provide for indemnity for the indemnitee's negligent act.'

> "* * *

> "[I]f an indemnitor such as the plaintiff is to be made responsible for the negligent acts of an indemnitee over whose conduct it has no control, the language imposing such liability should do so expressly and

unequivocally so that the contracting party is advised in definite terms of the liability to which it is exposed. The indemnification clause in the present case, by not expressly stating that the defendant was protected against acts of its own negligence, failed to meet this requirement."

Vinnell was followed by three cases: Markley v. Beagle, 59 Cal.Rptr. 809, 429 P.2d 129; Goldman v. Ecco-Phoenix Elec. Corp., 41 Cal.Rptr. 73, 396 P.2d 377; Price v. Shell Oil Company, 85 Cal.Rptr. 178, 466 P.2d 722. All three cases limit the strict construction rule sought by plaintiff to affirmative acts of negligence. Here, plaintiff alleged no affirmative act of negligence by defendants, therefore the cases are not applicable. Couple this with the language quoted heretofore from paragraph 11 of the contract, and the language is clear and explicit.

Plaintiff argues that in the recent case of Western Construction Co. v. Mosby's, Inc., 146 Mont. 313, 406 P.2d 165, "the indemnity agreement specifically and expressly named the lessor as a party to be indemnified from liability for actions arising out of the use of the defective equipment; therefore, the lessor was held to be validly indemnified since the indemnity agreement complied with the rule that * * * 'the law does not favor one who endeavors to indemnify himself against his own negligence, and a provision in an instrument to do so will be strictly construed against the party relying upon it.'" Plaintiff in basing his arguemnt on the above language of Western Construction Co. either misreads or misunderstands that decision. A careful reading of the case shows that the quoted language is from a California case (City of Oakland v. Oakland Unified School Dist. of Alameda County, 141 Cal.App.2d 733, 297 P.2d 752) and the holding in that case was expressly rejected by this Court in Western Construction Co.

Plaintiff cannot successfully compare the fact situation here with Western Construction Co. There the indemnity clause specifically refers to an action arising out of the use of defective equipment, and the only contract between the indemnitee and in-

- 4 -

demnitor involved the use of a single piece of equipment, a hoisting tower. In the instant case, we have a logging contract which involved a complex relationship between the logger and the company giving rise to an indeterminable number of possible situations which could give rise to potential claims, demands or liability. The very language of the indemnity clause was intended to be broad enough to protect the company from all of them, as long as they involved acts connected with "Logger's operations".

The judgment of the district court is affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.

- 5 -